**PESTOTNIK + GOLD LLP**
Timothy R. Pestotnik, State Bar No. 128919
Russell A. Gold, State Bar No. 179498
Russell F. Winslow, State Bar No. 245031
501 W. Broadway, Suite 1850
San Diego, California  92101
Tel:  619.237.5080
Fax:  619.342.8020

*Attorneys for Defendants*
*Highland Capital Management, L.P.,*
*James Dondero, and Mark Okada*

IN THE UNITED STATE DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL M. ANGELLO,<br><br>    Plaintiff,<br><br>v.<br><br>MORGAN STANLEY SMITH BARNEY, INC., HIGHLAND CAPITAL MANAGEMENT, INC., NEILREY OCHOA, JAMES DONDERO, MARK OKADA, and DOES 1-100, inclusive,<br><br>    Defendants. | Civil Action No.:  3:10-cv-01004-H-CAB<br><br>**NOTICE OF MOTION AND MOTION BY DEFENDANTS HIGHLAND CAPITAL MANAGEMENT, L.P., JAMES DONDERO, AND MARL OKADA TO DISMISS FOR LACK OF PERSONAL JURISDICTION, AND FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED; OR, IN THE ALTERNATIVE, MOTION TO STRIKE CERTAIN ALLEGATIONS AND DAMAGES SOUGHT IN THE PRAYER FOR RELIEF**<br><br>[F.R.C.P. 12 (b)(2); 12(b)(6); 9(b); 12(f)]<br><br>Judge:  Hon. Marilyn L. Huff<br><br>Courtroom 13<br><br>Date:  July 26, 2010<br><br>Time:  10:30 a.m. |

TO ALL PARTIES AND THEIR COUNSEL:

PLEASE TAKE NOTICE that on July 26, 2010, at 10:30 a.m., in Courtroom 13 of the above captioned United States District Court for the Southern District of California, located at 940 Front Street, San Diego, California 92101, defendants Highland Capital Management, L.P. ("Highland"), James Dondero and Mark Okada will and hereby do move for the following relief:

1. Defendants Dondero and Okada move to dismiss the claims asserted against them them for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure Rule 12(b)(2). There is no traditional basis for the exercise of personal jurisdiction over these defendants, and defendants Dondero and Okada lack sufficient minimum contacts with the state of California for the exercise of personal jurisdiction over them. Therefore, personal jurisdiction cannot be exercised over defendants Dondero and Okada in California because it would violate the Due Process Clause of the United States Constitution.

2. In the alternative, defendants Dondero and Okada join with defendant Highland, and together with defendant Highland, move to dismiss the claims asserted against them in this action pursuant to Federal Rules of Civil Procedure Rule 9(b) and Rule 12(b)(6) because plaintiff fails to allege facts sufficient to state a claim for relief against these defendants. Plaintiff asserts the following claims against defendants Highland, Dondero and Okada: Second Cause of Action for "Misrepresentation," Third Cause of Action for "Unfair Business Practices," Fourth Cause of Action for "Violations of Statutes," Fifth Cause of Action for "Conspiracy," and Sixth Cause of Action for "Declaratory Relief." Each of plaintiff's claims asserted against defendants Highland, Dondero and Okada are based on alleged fraud. Therefore, plaintiff must comply with the particularity requirement for pleading fraud allegations set forth in Federal Rules of Civil Procedure Rule 9(b), which plaintiff fails to do. Further, plaintiff fails to allege sufficient facts to state any of the fraud-based claims against defendants Highland, Dondero or Okada.

3. In the alternative, if their motion to dismiss is not granted, pursuant to Federal Rule of Civil Procedure Rule 12(f), defendants Highland, Dondero and Okada move to strike the following allegations of plaintiff's complaint:

1

<u>As to the Third Cause of Action for "Unfair Business Practices" and Prayer</u>:

1. <u>Paragraph 30, at page 10, lines 5-6</u>: "PLAINTIFF has suffered economic and non-economic damages in an amount to be proved at trial including severe emotional distress, but in no event less than the jurisdictional limit of this court."

2. <u>Paragraph 30, at page 10, lines 7-8</u>: "PLAINTIFF is also thereby entitled to an award of attorneys fees."

3. <u>Paragraph 30, at page 10, line 9</u>: "and all monies derived from said activities must also be disgorged."

4. <u>Paragraph 31 in its entirety (at page 10, lines 17-21)</u>: "PLAINTIFF is informed and believes and thereon alleges in committing the foregoing, outrageous, shocking and despicable acts, DEFENDANTS, and each of them, acted intentionally, knowingly, despicably, with express and implied malice and fraudulently.  PLAINTIFF is therefore entitled to an award of exemplary, punitive and/or trebled damages against DEFENDANTS in an amount to be proved at trial."

5. <u>Prayer for Relief, at page 12, at item 2, line 7 and line 9</u>:  Plaintiff's prayer seeking damages for "severe emotional distress," "disgorgement," and "reasonable attorneys' fees."

<u>As to the Fourth Cause of Action for "Violations of Statutes"</u>:

6. <u>Paragraph 34, at page 11, lines 10-11</u>: ". . . and is also entitled to an award of punitive, exemplary, and/or trebled damages as alleged above according to proof."

Defendants Highland, Dondero and Okada move to strike the foregoing allegations because the remedies sought by plaintiff on these causes of action are not available as a matter of law.  Damages, attorneys' fees, nonrestitutionary disgorgement, and punitive damages are not recoverable under California's unfair competition law (Business and Professions Code § 17200 *et seq.*).  Punitive damages are not recoverable for alleged violations of the federal securities laws upon which plaintiff's "Violations of Statutes" claim is based (Securities Act of 1933, Securities and Exchange Act of 1934, and Investment Advisors Act of 1940).

1 This motion is based on this notice of motion and motion, the memorandum of points and authorities submitted herewith, the declarations of James Dondero, Meredith Williams, and Russell A. Gold and exhibits attached thereto, the complete files and records in this action, and any additional matters, evidence and argument that the Court may consider when ruling upon this motion.

June 8, 2010

PESTOTNIK + GOLD LLP

/ S /

Timothy R. Pestotnik
Russell A. Gold
*Attorneys for Defendants Highland Capital Management, L.P., James Dondero, and Mark Okada*